IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RASHAD LOVINGS, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-26-383-SLP |
| ) | |
| OKLAHOMA HEART HOSPITAL ) | |
| SOUTH, LLC, a domestic limited liability ) | |
| company, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Upon review of the docket, the Court issues this Order to clarify representation of Plaintiff Rashad Lovings. The state-court Petition is signed by Plaintiff, pro se, but includes a statement that it was "prepared with the assistance of attorney Patricia A. Podolec." While the Court recognizes that Rule 33 of the Rules for District Courts of Oklahoma[1] allows attorneys to draft pleadings for a pro se litigant pursuant to a "limited scope representation," without requiring the lawyer to enter an appearance, the local rules of this Court do not have the same allowance. *See e.g.*, LCvR 83.4 ("An attorney appearing for a party in a civil case shall enter an appearance by signing and filing an entry of

---

[1] Rule 33 of the Rules for District Courts of Oklahoma states:

> A lawyer providing limited scope representation under Rule 1.2 (c) of the Oklahoma Rules of Professional Conduct may draft pleadings or other documents for a pro se litigant to file with or present to a district court without the lawyer entering an appearance in the matter. A lawyer shall disclose such assistance by indicating their name, address, bar number, telephone number, other contact information and, optionally, a signature on said pleading or other document with the phrase "No appearance is entered as counsel of record."

appearance on the form prescribed by the clerk of this court.").

Even if Ms. Podolec does not enter an appearance on Plaintiff's behalf, the Tenth Circuit "require[s] disclosure of attorney ghostwriting because an attorney's provision of substantial legal assistance to a pro se party both inappropriately shields the attorney from accountability for h[er] actions and affords the pro se party the unwarranted benefit of a liberal construction of h[is] filings." *Velasquez-Sierra v. Garland*, No. 22-9556, 2023 WL 7179437, at *3, n. 5 (10th Cir. Nov. 1, 2023) (citing *Duran v. Carris*, 238 F.3d 1268, 1271-72 (10th Cir. 2001)).

Accordingly, if Plaintiff is represented by counsel, his counsel shall file an entry of appearance within 7 days of this Order, or by March 10, 2026. If no appearance is filed, Plaintiff will be deemed to be proceeding pro se. However, if Plaintiff continues to receive the ghostwriting assistance of Ms. Podolec, such assistance "must be acknowledged by [Ms. Podolec's] signature." *Duran*, 238 F.3d at 1273.

IT IS SO ORDERED this 3rd day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE