IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RASHAD LOVINGS,                          )
an individual,                           )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )   Case No. CIV-26-383-SLP
                                         )
OKLAHOMA HEART HOSPITAL                   )
SOUTH, LLC, a domestic limited           )
liability company,                       )
                                         )
        Defendant.                       )

**O R D E R**

Before the Court is Defendant's Partial Motion to Dismiss [Doc. No. 3].  Plaintiff

has not responded to the Motion and the time for doing so has expired.  The Court,

therefore, in its discretion, may deem the Motion confessed.  *See* LCvR 7.1(g).  The Court

further finds the Motion should be granted on the merits.[1]

At issue is Plaintiff's claim under the Family and Medical Leave Act (FMLA).  *See*

Compl. [Doc. No. 1-1], Third Cause of Action, ¶¶ 48-58.[2]  Defendant seeks dismissal of

this claim because Plaintiff fails to allege any facts to show that he had a "serious health

condition."

---

[1] *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("Even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."

[2] Plaintiff commenced this action with the filing of a Petition in state court and Defendant then removed the action to federal court.  Consistent with federal nomenclature, the Court refers to the "Petition" as the Complaint.

I.      **Factual Allegations of the Complaint**

In support of his FMLA claim, Plaintiff alleges that he had "missed work related [t]o a medical condition and provided a doctor's notes for his absences." Compl., ¶ 18. He received a single counseling session "concerning an absence related to his medical condition." *Id.*, ¶ 23. Plaintiff was "eligible for and had requested FMLA prior to his termination." *Id.*, ¶ 24. He was "written up for absences related to a health condition." *Id.*, ¶ 40. Based on these facts, Plaintiff claims that "Defendant intentionally interfered with Plaintiff's ability to exercise his rights under the FMLA by disciplining him for his absences, by failing to provide initial notice of his absences being possibly protected under the FMLA, and constructively discharged him." *Id.*, ¶ 52.

II.     **Governing Standard**

In addressing a Rule 12(b)(6) motion, a court accepts all well-pleaded factual allegations of the complaint as true, views those allegations in the light most favorable to the plaintiff, and resolves all reasonable inferences in the plaintiff's favor. *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023). But a complaint "cannot rely on labels or conclusory allegations." *Id.* Instead, it "'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A pro se complaint must be construed liberally and is held "'to a less stringent standard than formal pleadings drafted by lawyers.'" *Id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Despite this liberal construction, a court does not act as an advocate on behalf of a pro se litigant. *Id.*

2

III.    **Discussion**

The FMLA entitles eligible employees to "up to twelve weeks of unpaid leave . . . for serious health conditions and reinstatement to the former position or an equivalent one upon return from that leave." *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1180 (10th Cir. 2006); *see also* 29 U.S.C. § 2612(a)(1)(D) (providing that an eligible employee may take leave for a "serious health condition that makes the employee unable to perform the functions of [his or her] position"). An employer is prohibited from "interfer[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise, any right provided" under the Act. 29 U.S.C. § 2615(a)(1). An employer is not, however, required "to provide paid sick leave or paid medical leave in any situation in which such employer would not normally provide any such paid leave." 29 U.S.C. § 2612(d)(2)(B); *see also Ney v. City of Hoisington, Kansas*, 264 F. App'x 678, 682 (10th Cir. 2008) (explaining that "[t]he mere use of sick leave does not implicate the FMLA; rather the FMLA comes into play when there is a serious health condition that prevents the employee from performing h[is] work[.]").

To prevail on a claim for FMLA interference, a plaintiff must show "(1) that he or she was entitled to FMLA leave, (2) that some adverse action by the employer interfered with his or her right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights." *Metzler*, 464 F.3d at 1180.

Here, Defendant seeks dismissal on grounds that Plaintiff does not allege any facts to plausibly demonstrate that Plaintiff had a qualifying "serious health condition." A serious health condition is "an illness, injury, impairment, or physical or mental condition

3

that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

Plaintiff does not allege that he received inpatient care and his allegations of "absences" related to a "health condition" are too conclusory to demonstrate continuing treatment by a healthcare provider. *See* Def.'s Mot. at 5-6 (collecting cases). Dismissal of his FMLA interference claim, therefore is proper.

## IV.    Leave to Amend

It is dubious whether Plaintiff could state a plausible FMLA interference claim if he were allowed to amend his Complaint. And Plaintiff, who failed to respond to Defendant's Motion, has not requested leave to amend. Under these circumstances, the Court finds leave to amend would be futile. *See Sullivan v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 43, 52 (10th Cir. 2021) ( affirming district court's denial of leave to amend as futile where pro se litigant failed to provide a proposed amended complaint, file a formal motion seeking leave to amend, or give any indication of the basis for his perfunctory requests made in his responses to motions to dismiss); *Abu-Fakher v. Bode*, 175 F. App'x 179, 184 (10th Cir. 2006) (district court did not err by dismissing pro se plaintiff's complaint without sua sponte granting leave to amend where plaintiff failed to respond to motion to dismiss and never requested leave to amend); *Bangerter v. Roach*, 467 F. App'x 787, 789 (10th Cir. 2012) (district court did not err by dismissing claims with prejudice where plaintiff made insufficient cursory request for leave to amend complaint and amendment likely would have been futile).

4

## V.    Conclusion

IT IS THEREFORE ORDERED that Defendants' Partial Motion to Dismiss [Doc.

No. 3] is GRANTED pursuant to Fed. R. Civ. P. 12(b)(6) and Plaintiff's claim for

interference under the FMLA is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 3rd day of April, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE