**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RASHAD LOVINGS, an individual, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-26-383-SLP ) |
| OKLAHOMA HEART HOSPITAL SOUTH, LLC, a domestic limited liability company, | ) ) ) ) |
| Defendant. | ) ) |

**O R D E R**

On April 30, 2026, the Court entered an Order giving the Plaintiff "until May 5, 2026 to comply with LCvR 16.1(a)(2) and file a jointly prepared and signed Joint Status Report and Discovery Plan." [Doc. No. 11]. For a second time, Plaintiff, who is *pro se*, has failed to provide information required by the LCvR 16.1(a)(2). *See* [Doc. No. 8 and 11] (requiring the parties to file a Joint Status Report and Discovery Plan by April 30, 2026 and May 5, 2026, respectively). Plaintiff has also, again, failed to arrange and prepare for the filing of the Joint Status Report and Discovery plan and sign the Report and Plan. [Doc. No. 10]. Additionally, Plaintiff failed to appear at the status and scheduling conference set for May 6, 2026 at 10:30 a.m. *See* Order for Status/Scheduling Conference, [Doc. No. 8]. Plaintiff has provided no reason for his absence at the conference.

The Court's previous order was clear: "The conference *shall be attended . . . by any pro se litigants* … at the time indicated." *Id*.

Only Defendant's counsel appeared for the status and scheduling conference. Defendant's counsel represented that they had some communication with Plaintiff but that no Joint Status Report had been filed. The Court grants the parties until May 13, 2026 to meet and confer and resubmit a Joint Status Report that complies with LCvR 16.1(a)(2). Upon review of the Joint Status Report, the Court anticipates entering a Scheduling Order without the need to conduct further status conferences. The Court acknowledges the cooperation of Defendant's counsel, to date, and anticipates their continued cooperation with Plaintiff.

The Court has thus far been lenient in dealing with Plaintiff's continued noncompliance with the Court's Orders. However, Plaintiff is admonished that continued noncompliance with the Court's immediate and past Orders and the governing rules shall result in the dismissal of this action without further notice to Plaintiff. *See* Fed. R. Civ. P. 41(b). Plaintiff is further admonished that it is in the Court's discretion to dismiss this action on the independent basis of Plaintiff's failure "to appear at a scheduling or other pretrial conference". Fed. R. Civ. P. 16(f); *Wallace v. Russell*, 282 F. App'x 657, 657 (10th Cir. 2008) (". . .[I]f a party fails to appear at a scheduling or other pretrial conference, the district court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii). Among those authorized orders is an order dismissing the action." (quotation omitted)).

2

IT IS SO ORDERED this 7th day of April, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE