# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

RASHAD LOVINGS,                               )
an individual,                                )
                                              )
        Plaintiff,                            )
                                              )
v.                                            )    Case No. CIV-26-383-SLP
                                              )
OKLAHOMA HEART HOSPITAL                        )
SOUTH, LLC, a domestic limited                )
liability company,                            )
                                              )
        Defendant.                            )

## AMENDED ORDER[1]

This matter is before the Court pursuant to its Order requiring Plaintiff to file a Joint

Status Report and/or "prepare for [his] case" by June 22, 2026 [Doc. No. 15]. As noted in

that Order, the Court previously issued two Orders requiring Plaintiff to file a Joint Status

Report, providing all information required by LCvR 16.1(a)(2). *Id.* The Order warned that

"all instances of [Plaintiff's] non-compliance with the Court's Orders, to date, are a basis

for the Court to dismiss this action without further notice to Plaintiff." *Id.* The Order also

sua sponte extended Plaintiff's deadline to file a Joint Status Report by June 22, 2026. *Id.*

---

[1] The Court previously issued an Order, [Doc. No. 17], dismissing this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court issues this Amended Order to clarify its previous Order. The Court previously stated that this case is dismissed with prejudice "for Plaintiff's failure to timely complete and return the necessary papers provided by the Court to accomplish Summons and Service." This Amended Order clarifies that the case is dismissed with prejudice for Plaintiff's failure to participate in pre-trial matters and file a Joint Status Report.

On June 22, 2026, Plaintiff responded to the Order, *id*., with a "Motion to Clarify" and "Motion for Sanction".  Mot. [Doc. No. 16].  Plaintiff, for a fourth time, has failed to provide a Joint Status Report.  In his Motion, Plaintiff states that he is filing a "motion to [clarify] the Joint Status Report in detail on what the Court needs from me."[2]  *Id.*  For the reasons set forth, the Court dismisses this action with prejudice for failure to comply with this Court's prior Orders and rules.  *See* Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 n. 2 (10th Cir. 2007) (sua sponte dismissal permitted where a plaintiff fails to comply with the rules of civil procedure or the court's orders).

Federal Rule of Civil Procedure 41(b) authorizes dismissal of an action due to a failure to prosecute or to comply with a court order or the Federal Rules of Civil Procedure. *See Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002).  The Court assumes, without deciding, that Plaintiff's claims may be subject to a statute of limitations bar.  Where the time to file an action has expired, "a dismissal without prejudice can have the practical effect of a dismissal with prejudice." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).  Even if the statute of limitations have run, a court may dismiss a case with prejudice under Rule 41(b) by considering criteria known as the "*Ehrenhaus* factors", including: (1) the degree of actual prejudice to the

---

[2] The Court, in its previous Orders, has repeatedly notified Plaintiff of his failure to comply with LCvR 16.1(a)(2), in his preparation of the Joint Status Report. *See e.g.* [Doc. Nos. 11, 12, 15]. While the Court recognizes Plaintiff's pro se status, he must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992). The Court has considered the applicable factors for a Rule 41(b) dismissal with prejudice and has determined that an effective dismissal with prejudice is warranted in this matter.

As to the first factor, Defendant has been hindered in their ability to resolve this matter because of Plaintiff's failure to participate in the pretrial process, in numerous respects. Plaintiff did not adequately consult with opposing counsel, submit the requisite pretrial materials, and, ultimately, he failed to appear at the status/scheduling conference on May 6, 2026. *See* [Doc. No. 8]. The Court also noted the continued cooperation of Defendant's counsel with Plaintiff for all pretrial matters, despite Plaintiff's non-participation. *See* Orders [Doc. Nos. 11, 12]. Since Defendants have expended time and resources in all pre-trial matters, the Court finds that Defendants suffered a moderate to high degree of prejudice based on Plaintiff's failure to advance this action.

As to the second factor, Plaintiff's failure to adequately respond to the Court's Orders impacts the Court's "ability to manage its docket and move forward with the cases before it, and it cannot do this if a party fails to respond to court orders." *Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009). As explained above, Plaintiff has failed, for a fourth time, to prepare the Joint Status Report, which is critical to moving this case forward.

As to the third factor, Plaintiff is culpable for his failure to adequately prepare (or show cause why he could not) the Joint Status Report, as required by LCvR 16.1(a)(2). While the Court is cognizant of Plaintiff's pro se status, this action was filed on March 2, 2026, and the Court has afforded Plaintiff opportunities to comply, as well as granted permissive extensions of deadlines sua sponte. *See e.g.* [Doc. Nos. 11, 12, 15].

With respect to the fourth factor, Plaintiff was expressly warned this action may be dismissed without further notice if he failed to show cause.[3] *See id.*   With respect to the final factor, the Court finds that no sanction less severe than dismissal adequately addresses the Plaintiff's failure to respond to numerous Orders to Show Cause and, ultimately, to comply with court orders and procedures and his obligations as a litigant.  This matter simply cannot proceed without his participation.  Despite being provided an opportunity to explain his inaction and pursue his case, the Plaintiff has failed to advance this case, failed to abide by orders of this Court, failed to comply with the court's procedures, and failed to appear at a pretrial hearing.  Considering all these factors together, the Court finds dismissal with prejudice is warranted.

IT IS THEREFORE ORDERED that this action is DISMISSED WITH PREJUDICE pursuant to Rule 41(b) for Plaintiff's failure to participate in pre-trial matters and file a Joint Status Report.

---

[3] The Court previously admonished Plaintiff that "it is in the Court's discretion to dismiss this action on the independent basis of Plaintiff's failure 'to appear at a scheduling or other pretrial conference'" [Doc. Nos. 12, 15]; Fed. R. Civ. P. 16(f); *Wallace v. Russell*, 282 F. App'x 657, 657 (10th Cir. 2008).

A separate judgment of dismissal shall be entered contemporaneously with the filing of this Order.

IT IS SO ORDERED this 29th day of June, 2026.

_____

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE